IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAROLE SCALA,

                Plaintiff,

vs.                                                                              Civil Action No.

SUN LIFE FINANCIAL,

                Defendant.

## COMPLAINT

AND NOW, comes the Plaintiff, CAROLE SCALA, by and through her attorney, Brian Patrick Bronson, Esquire, and the law firm of QuatriniRafferty, P.C., and files this Complaint in Civil Action in the Federal District Court for the Western District of Pennsylvania, stating as follows:

### INTRODUCTION

### NATURE OF THIS ACTION

1. This action is filed pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereinafter referred to as "ERISA") and the Declaratory Judgment Act, 28 U.S.C. §§2201, 2202.  Ms. Carole Scala (hereinafter Plaintiff) is a participant in an employee welfare benefit plan (hereinafter referred to as "The Plan") which is administered pursuant to an insurance policy issued by Sun Life Financial.  The Plan is governed by ERISA.  Plaintiff is a beneficiary under the Plan. This Complaint challenges the Plan's unlawful practice of failing to provide Plaintiff with the

- 2 -

timely payment of Long-Term Disability benefits under the Plan.  Specifically, Plaintiff is filing this action to enforce her rights under the Plan and for attorney fees, interest and costs as provided by ERISA.

## JURISDICTION AND VENUE

2. This Court has Original Jurisdiction to hear this complaint and to adjudicate the claims herein pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

3. Venue is proper in this Court, as the Plan was administered in the Western District of Pennsylvania.

## PARTIES

4. The Plaintiff, Carole Scala resides at 132 5th Street, Rankin, Pennsylvania 15104.

5. The Defendant, Sun Life Assurance Company of Canada, is the Claims Administrator of Long Term Disability claims and is located at One Sun Life Executive Park, Wellesley Hills, Massachusetts 02481.

6. Defendants administered employee benefits, mainly Long Term Disability benefits, under the Plan in accordance with the insurance policy issued to the Plan by the Claims Administrator.

## STATEMENT OF FACTS

7. The Plaintiff worked for Century III Medical Associates as a Medical Assistant since approximately June 15, 2010.

8. The Plaintiff was physically and mentally incapable of working for Century III Medical Associates after November 15, 2014, due to symptoms associated with Depression; Anxiety; Headaches; Cervical Radiculopathy; Insomnia; Angina and Hypertension, which cause more than a minimal impact on her ability to perform work related tasks.

9. The Plaintiff initiated a claim for Long Term Disability benefits under the Plan, on or about March 25, 2015.

10. The Defendant issued a denial of benefits by letter dated May 12, 2015, indicating her medical documentation did not support total disability.

11. The Plaintiff filed a timely internal appeal to the initial denial of her claim by letter dated October 22, 2015.

12. On January 26, 2016, the Defendant issued a second denial upholding their prior decision to deny Plaintiff benefits.  With this denial, the Plaintiff has exhausted all administrative levels of appeal.

## CAUSE OF ACTION

**Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.**

13. Paragraphs 1 through 12 are incorporated herein as if set forth at length.

14. Plaintiff has exhausted all administrative remedies and mandatory appeals as required by the Plan and ERISA 29 U.S.C. §1001 et seq.

15. At all times relevant to this action, the Plaintiff has been unable to perform the material duties of any gainful occupation due to the diagnoses and symptoms related to Depression; Anxiety; Headaches; Cervical Radiculopathy; Insomnia; Angina and Hypertension

16. The Defendant arbitrarily concluded that Ms. Scala did not have functional deficits by discounting her subjective symptoms when they never saw her in person or conducted a physical examination.

17. The Defendant ignored pertinent medical evidence and failed to evaluate all of the evidence of record including the medical of Plaintiff's treating physicians.

18. The Defendant did not conduct a full and fair review of the claim as required by ERISA.

- 5 -

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully prays that the Court issue an Order:

(1)     Awarding, declaring or otherwise providing Plaintiff all relief to which Plaintiff is entitled under ERISA Section 502 Paragraph (a) 29 U.S.C. Section 1132(a);

(2)     Awarding pre and post judgment interests;

(3)     Awarding Plaintiff the costs of this action and reasonable attorneys fees;

(4)     Awarding such other relief as may be just and reasonable.

/s/ Brian Patrick Bronson, Esquire
Brian Patrick Bronson, Esquire (Pa #89035)
QuatriniRafferty, P.C.
550 East Pittsburgh Street
Greensburg, PA  15601
Phone:  (724) 837-0080
Fax:  (724) 837-1348
E-mail:  bpb@qrlegal.com

Dated:   July 25, 2016